484 F.2d 638
 3 Envtl. L. Rep. 20,780
 FINISH ALLATOONA'S INTERSTATE RIGHT, INC., also known as
"Fair", and Richard L. Fullerton, Plaintiffs-Appellants,
v.
Claude S. BRINEGAR, as Secretary of Transportation of the
United States of America, and Bert K. Lance, as Director of
the Georgia Department of Transportation (formerly the State
Highway Department), Defendants-Appellees.
 No. 73-2289 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Aug. 31, 1973.
 
 Hugh G. Head, Jr., Kathleen J. Parker, Atlanta, Ga., for plaintiffs-appellants.
 Arthur K. Bolton, Atty. Gen., Marion O. Gordon, Asst. Atty. Gen., John W. Stokes, Jr., U. S. Atty., Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., Wallace H. Johnson, Asst. Atty. Gen., George R. Hyde, Neil T. Proto, Attys., Dept. of Justice, Washington, D. C., for defendants-appellees.
 Before GEWIN, COLEMAN and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This action arises from the efforts of a group of private citizens to stop the construction of a section in Interstate Route 75 through northern Georgia. The proposed route crosses Lake Allatoona and other property protected by Section 4(f) of the Department of Transportation Act of 1966, 49 U.S.C. Sec. 1653(f). After the Secretary of Transportation approved a route for the last remaining section of Interstate 75 in the area, plaintiffs filed suit in the Northern District of Georgia requesting injunctive and declaratory relief to prevent the Secretary from implementing the proposed plan. The district court denied relief, 355 F.Supp. 933. We affirm.
 
 
 2
 Interstate 75 crosses Georgia in a north-south direction, connecting Tennessee and Florida. It is complete within the state except for a 24-mile section in the vicinity of Lake Allatoona. Lake Allatoona is owned and operated by the Corps of Engineers. It is used for flood control, hydroelectric power and recreational purposes. At least eight different routes for the final segment of Interstate 75 have been considered by the state and federal departments of transportation, and after much negotiation, a route designated Line "T" was decided upon.
 
 
 3
 As the district court stated in its findings of fact:
 
 
 4
 Prior to the approval of the location of I-75 along Line "T," the State, with the assistance of state, federal, and private agencies, prepared a comprehensive environmental impact statement. The impact statement includes in-depth reports by an acoustical engineering firm, the National Recreation and Park Association and an interdisciplinary study by the Georgia Institute of Ecology at the University of Georgia. In addition, the Secretary of Transportation prepared a detailed report treating various alternatives for the location of I-75. In that regard, the Secretary concluded that feasible and prudent alternatives to Line "T" did not exist. The Secretary also suggested specific design measures intended to minimize harm to the environment.
 
 
 5
 After the Secretary approved Line "T" as the route for the final section of Interstate 75, this suit was filed. The individual plaintiff, Richard Fullerton, is president of the corporate plaintiff, Finish Allatoona Interstate Right, Inc. (FAIR). Plaintiffs sought to prevent implementation of the Secretary's decision by alleging numerous substantive and procedural irregularities as grounds for injunctive and declaratory relief.
 
 
 6
 Plaintiffs' two major contentions are that the route approved by the Secretary must be enjoined because there exists a "feasible and prudent alternative" to the route within the meaning of 49 U.S.C. Sec. 1653(f). The district court found that the route proposed by the plaintiffs also makes use of land protected by the Department of Transportation Act, and therefore is not a "feasible and prudent alternative" to the proposed route. In addition, plaintiffs have failed to meet the burden of showing that the route proposed by the government fails to minimize harm to the environment.
 
 
 7
 Plaintiffs also allege that the Secretary's decision to approve Line "T" was based on the fact that the route crossed or adjoined property owned by several prominent citizens. The district court correctly found that there is no evidence in the record to support such an allegation.
 
 
 8
 In addition, plaintiffs have made a "shotgun" attack on every aspect of the decision to approve Line "T." We have been unable to determine that any of their contentions have any merit, so the opinion of the district court in this case is hereby
 
 
 9
 Affirmed.
 
 
 
 *
 Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409